**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WAYNE DILLON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2691** |
| **ASI LLOYDS** | **SECTION: "G"(3)** |

### <u>ORDER</u>

Before the Court is the parties' "Joint Motion to Stay Proceedings," wherein the parties urge the Court to stay the instant proceedings until the conclusion of an ongoing state criminal proceedings against Plaintiff Wayne Dillon, Jr.[1] The parties argue that the criminal case is set for trial on May 4, 2015.[2] "However, the Washington Parish District Attorney's office has informed all parties that this case is not considered a priority trial and could possibly be continued for several months, if not years before the case is heard."[3] The parties have agreed to sign a Consent Judgment providing that if Plaintiff is convicted or enters a guilty plea involving any act of arson, this civil suit will be dismissed.[4]

There is no question that a district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[5] and

---

[1] Rec. Doc. 12.

[2] *Id*. at 1.

[3] *Id.*

[4] *Id.*

[5] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

1

that this authority includes the district court's wide discretion to grant a stay in a pending matter.[6] When "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[7] It is well recognized that a district court "may stay a civil proceeding during the pendency of a parallel criminal proceeding."[8] Indeed, a district court may sometimes stay a civil action "until the criminal case or the likelihood of a criminal case is ended."[9]

Although the Fifth Circuit has determined that a stay may be warranted where "special circumstances" exist to prevent a party from suffering substantial and irreparable prejudice,[10] courts within the Fifth Circuit have looked to six factors to determine whether the civil action should be stayed.[11] These factors are:

1. The extent to which the issues in the criminal case overlap with those presented in the civil case;

2. The status of the criminal case, including whether the defendant has been indicted;

3. The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;

---

[6] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[7] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also*, *Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

[8] *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

[9] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (citing *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996))).

[10] *First Fin. Grp.*, 659 F.2d at 668; s*ee also, United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983).

[11] *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying this test); *see also, Lebouef v. Global X-Ray and Testing Corp.*, No. 07-5755, 2008 U.S. Dist. LEXIS 6470, at *4 (E.D. La. Jan. 29, 2008) (Barbier, J.) ("To determine whether special circumstances exist, the court must 'balance the competing constitutional and procedural interests of the parties,' as illustrated through the six-factor test . . . .") (citation omitted).

4.      The private interests of and burden on the defendant;

5.      The interests of the courts; and

6.      The public interest.[12]

The present motion does not address any of these issues. Therefore, the Court cannot properly assess whether a stay is warranted here. Accordingly,

**IT IS HEREBY ORDERED** that the "Joint Motion to Stay Proceedings" is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __24th__ day of March, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[12] *Alcala*, F.Supp. 2d at 399.

3